**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ULYSSES GENE THIBODEAUX ET AL** | **CASE NO. 2:25-CV-00427** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

# MEMORANDUM ORDER

Before the court is a *Daubert* Motion [doc. 35] filed by defendant State Farm Fire & Casualty Company ("State Farm"). Plaintiffs oppose the motion. Doc. 41.

## I.
## BACKGROUND

This suit arises from alleged tornado damage to a home owned by plaintiffs Ulysses Gene Thibodeaux and Phyllis Thibodeaux on April 10, 2024. Doc. 1, att. 1. At all relevant times the home was insured under a policy issued by State Farm. Plaintiffs filed suit against State Farm in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, raising breach of contract and bad faith claims under Louisiana law. *Id.* State Farm then removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The matter is set for jury trial before the undersigned on October 19, 2026. Doc. 29.

State Farm now brings this motion, seeking to exclude or limit testimony from plaintiffs' adjuster Travis Alton under Rule 702 and the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Specifically, it asserts that Mr.

Alton impermissibly relied on the unfounded conclusions of plaintiffs' engineer, Charles Norman. Plaintiffs oppose the motion. Doc. 41.

## II.
## LAW & APPLICATION

### A. Legal Standard

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

**B. Application**

State Farm has challenged Mr. Norman's opinions via a separate *Daubert* motion, which the court is denying by concurrent ruling. In this motion, it asserts that Mr. Alton's testimony should be excluded because he did not assess causation and instead deferred to Norman's opinions in this area when drafting his estimate. As State Farm notes, "Rule 703 does not necessarily allow a witness to rely on the methodology of another expert, if that expert's methodology would be deemed unreliable under *Daubert*." *Tajonera v. Black Elk Energy Offshore Opers., LLC*, 2016 WL 3180776, at *11 (E.D. La. Jun. 7, 2016). But this court has not found sufficient cause to exclude Mr. Norman under *Daubert*. "The purpose allowing experts to rely on another expert's opinions is that 'an expert cannot be an expert in all fields, and it is reasonable to expect that experts will rely on the opinion of experts in other fields as background material for arriving at an opinion.'" *Nat'l Union Fire Ins. Co. v. Smith*, 2014 WL 5794952, at *4 (M.D. La. Nov. 6, 2014) (quoting *Concerned Area Residents for the Environ. v. Southview Farm*, 834 F.Supp. 1422, 1436 (W.D.N.Y. 1993)). Because defendant's *Daubert* challenge to Mr. Norman failed, the related challenge to Mr. Alton is without merit.

## III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that defendant's *Daubert* motion [doc. 35] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**