**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ULYSSES GENE THIBODEAUX ET AL** | **CASE NO. 2:25-CV-00427** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

# MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 51] filed by State Farm Fire & Casualty Co. Plaintiffs oppose the motion. Doc. 56.

## I. BACKGROUND

This suit arises from alleged tornado damage to a home owned by plaintiffs Ulysses Gene Thibodeaux and Phyllis Thibodeaux on April 10, 2024. Doc. 1, att. 1. At all relevant times the home was insured under a policy issued by State Farm. Plaintiffs filed suit against State Farm in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, raising breach of contract and bad faith claims under Louisiana law. *Id.* State Farm then removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The matter is set for jury trial before the undersigned on October 19, 2026. Doc. 29.

State Farm now brings this motion in limine, seeking to exclude any estimate of alleged damages that fails to establish repair costs based on the time of loss. Doc. 51. To this end, it asserts that the report provided by plaintiffs from their public adjuster, Travis Alton, must be excluded because it uses pricing as of the inspection date (August 2024)

rather than the date of loss (April 2024). Plaintiffs oppose the motion, asserting that Alton has re-priced his estimate and that, at any rate, the price difference is negligible. Doc. 56. In reply, State Farm opposes the supplementation of Alton's report as untimely under the court's scheduling order. Doc. 60.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863

(M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

**B. Application**

Plaintiffs do not dispute that, under the terms of the policy, the actual cash value of repair and replacement costs must be determined "at the time of loss." Doc. 51, att. 4, p. 27; *see First Baptist Church of Iowa, La. v. Church Mutual Ins. Co., S.I.*, 105 F.4th 775, 788 (5th Cir. 2024) (interpreting a similar policy provision). Plaintiffs' public adjuster, Travis Alton, submitted an estimate of repair costs using pricing as of the date of his inspection in August 2024. Doc. 56, att. 1. Under this estimate, the actual cash value for repairs totals $342,983.68 ($340,855.04 dwelling and $2,128.64 other structures). *Id.* at 34–35. Based on State Farm's challenge, Alton provided an updated estimate based on April 2024 pricing. *See* doc. 56, att. 2. The total actual cash value of repairs under this estimate is $342,181.35 ($340,053.35 dwelling and $2,128.00 other structures). *Id.* at 34–35. Thus, as plaintiffs note, the difference between the two estimates is only $802.33.

Under the scheduling order, supplemental reports are only permitted beyond the expert disclosure deadline with "leave of court upon a showing of good cause." Doc. 29, p. 2. The court finds good cause to allow plaintiffs to supplement Alton's estimate for the limited purpose of correcting this error, with no prejudice to State Farm. Accordingly, Alton's updated estimate comports with the terms of the policy and there is no basis for exclusion.

## III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that State Farm's Motion in Limine [doc. 51] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 9th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**